

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AL
F.#2010R00735

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

August 12, 2010

By ECF

Robert F. Datner, Esq.
340 N. Lansdowne Avenue
Lansdowne, PA 19050

      Re:  United States v. Charles Nagel
           Criminal Docket No. 10-511 (JBW)

Dear Mr. Datner:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, this letter memorializes discovery produced to you on July 27, 2010 in the above-referenced matter.  Please also consider this letter to be the government's request for reciprocal discovery.  Please contact me if you wish to arrange a time to inspect, copy, and/or photograph the evidence and original documents discoverable under Rule 16.

I.   The Government's Disclosures

    A.   Statements of the Defendant

    Enclosed are copies of the following documents that contain statements made by and/or reflecting pedigree information provided by the defendant, including documents that the defendant signed:

- A letter written and mailed by the defendant (DOJ CN 24-31);

- An email and photograph mailed by the defendant (DOJ CN 32-34);

- An Internet page containing statements made by the defendant (DOJ CN 35-37);

- An Internet page containing statements made by the defendant (DOJ CN 38);

- An Internet page containing statements made by the defendant (DOJ CN 39-41);

- An Internet page containing statements made by the defendant (DOJ CN 42);

- An Internet page reflecting communications made by the defendant (DOJ CN 43);

- An Internet page containing statements made by the defendant (DOJ CN 44);

- Facebook messages sent by the defendant (DOJ CN 45-48);

- An Internet page containing statements made by the defendant (DOJ CN 49-51);

- A New York City Police Department report containing statements made by the defendant (DOJ CN 52);

- A record of a telephone call made by the defendant (DOJ CN 294);

- An Internet page reflecting communications made by the defendant (DOJ CN 299);

- An Internet page reflecting communications made by the defendant (DOJ CN 300);

- An Internet page reflecting communications made by the defendant (DOJ CN 301);

- A Facebook message sent by the defendant (DOJ CN 302);

- An Internet page containing statements made by the defendant (DOJ CN 303-10);

- A Facebook message sent by the defendant (DOJ CN 314);

- Facebook messages sent by the defendant (DOJ CN 315-23);

- A Facebook message sent by the defendant (DOJ CN 324-25);

- An Internet page containing statements made by the defendant (DOJ CN 326-33);

- Facebook messages sent by the defendant (DOJ CN 334-36);

- Facebook messages sent by the defendant (DOJ CN 337-39);

3

- Facebook messages sent by the defendant (DOJ CN 340-48);

- An Internet page reflecting communications made by the defendant (DOJ CN 349);

- A photograph posted by the defendant on Facebook (DOJ CN 350);

- A Facebook message sent by the defendant (DOJ CN 351);

- A photograph posted by the defendant on Facebook (DOJ CN 352);

- A Facebook message sent by the defendant (DOJ CN 353);

- Facebook messages sent by the defendant (DOJ CN 354-56);

- A Facebook message sent by the defendant (DOJ CN 357);

- Facebook messages sent by the defendant (DOJ CN 358-59);

- A Facebook message sent by the defendant (DOJ CN 360); and

- A Facebook message sent by the defendant (DOJ CN 361-62).

   B.   Prior Criminal History

Enclosed are copies of the following documents related to the defendant's criminal history:

- The defendant's criminal history report (DOJ CN 53-58);

- A document entitled "Secure Court Summary" from the First Judicial District of Pennsylvania (DOJ CN 59-60); and

- A document entitled "Rules of Probation and Parole" from the Court of Common Pleas, Trial Division, Adult Probation and Parole Department (DOJ CN 61).

   C.   Reports of Examinations and Tests

The government will provide you with copies of reports of any examinations or tests conducted in connection with this case as they come available.

4

D.  Documents and Tangible Objects

   1.  Other Items

In addition to the above-described documents, enclosed are the following documents and items:

- A compact disc containing a file entitled "Talk Show Host.mov" (DOJ CN CD 1);

- A subpoena served on Yahoo! Inc. (DOJ CN 62-63);

- A response received from Yahoo! Inc. to the subpoena Bates-numbered DOJ CN 62-63 (DOJ CN 64-77);

- A subpoena served on Facebook (DOJ CN 78-79);

- A response received from Facebook to the subpoena Bates-numbered DOJ CN 78-79 (DOJ CN 80-82);

- A subpoena served on MySpace.com (DOJ CN 83-84);

- A response received from MySpace.com to the subpoena Bates-numbered DOJ CN 83-84 (DOJ CN 85-157);

- A subpoena served on YouTube, Inc. (DOJ CN 158-59);

- A response received from YouTube, Inc. to the subpoena Bates-numbered DOJ CN 158-59 (DOJ CN 160-62);

- A subpoena served on Comcast Cable Communications, Inc. (DOJ CN 163-64);

- A response received from Comcast Cable Communications, Inc. to the subpoena Bates-numbered DOJ CN 163-64 (DOJ CN 165-66);

- An Affidavit in Support of Application for Search Warrant regarding Facebook, MySpace and Yahoo! dated July 12, 2010 (DOJ CN 212-64);

- A Search and Seizure Warrant regarding the Facebook Account Associated with the Name Chaz Rose and UserID 1534787785 (DOJ CN 265-67);

- A response received from Facebook to the Search and Seizure Warrant Bates-numbered DOJ CN 265-67 (DOJ CN 268-93);

- A document entitled "Daily Production Report" dated February 23, 2009 (DOJ CN 295-96);

- A document entitled "Daily Production Report" dated July 15, 2008 (DOJ CN 297-98); and

- Photographs depicting the defendant and others (DOJ CN 311-13).

### 2. July 15, 2010 Search Warrant

As you are aware, on July 15, 2010, the defendant's home was searched pursuant to a search warrant. Enclosed are the following documents and property seized in that search or otherwise related to that search:

- A compact disc containing photographs taken during the search (DOJ CN CD 2);

- A copy of a compact disc containing music (DOJ CN CD 3);

- A copy of a letter written by the defendant (DOJ CN 1-2);

- A copy of a letter written by the defendant (DOJ CN 3-4);

- A copy of a letter written by the defendant (DOJ CN 5-7);

- A picture (DOJ CN 8);

- A greeting card (DOJ CN 9-10);

- A note card (DOJ CN 11-12);

- Various handwritten documents (DOJ CN 13-22)

- A copy of the label that was found on the compact disc produced as DOJ CN CD 3 (DOJ CN 23);

- An Application and Affidavit for Search Warrant dated July 14, 2010 (DOJ CN 167-206); and

- A Search and Seizure Warrant dated July 14, 2010 (DOJ CN 207-11).

In addition, the government is in possession of the following additional property seized from the defendant's home pursuant to the search warrant executed on June 15, 2010. As you

6

are aware, certain items were returned to the defendant's wife on July 15, 2010. Those items are marked below with an asterisk.

Items Found In Kitchen

- *One Toshiba laptop (serial number number Y9307754K) with power cord;

- One black Optimus cassette recorder containing one Sony cassette;

- One GE microcassette recorder containing one microcassette;

- One CD spindle with 58 CDs;

- One Sony box with 31 CDs;

- One box containing 10 Memorex DVD+R discs;

- One package containing 10 Memorex CD-R discs;

- One ziplock bag containing 5 CDs;

- One CD spindle with 30 CDs;

- One Sanyo box containing 1 Sanyo digital camera (serial number 09061023090), power cords, 1 operating disk, 1 jack and 3 thumb drives;

- Two cassettes; and

- One Pink USB Digital Music Player and Voice Recorder / Thumb Drive.

Items Found In Room on Left-Middle of First-Floor Hallway

- *One Gateway desktop computer (serial number CAG5361004472) found in closet on floor;

- One envelope containing 4 CDs and 1 cassette;

- One 3.5" floppy disk;

- One CD;

- Five microcassettes;

- Two JVC 30 VHS Compact Video tapes;

- Three VHS tapes; and

- One-hundred and three cassette tapes.

Item Found In Hallway on First Floor

- Newspaper clippings and articles.

Item Found In First-Floor Bathroom on Right Side of Hallway

- One handwritten letter.

Items Found In Living Room

- *One white and purple Samsung T559 T-Mobile cell phone (serial number RQ7Z236166T);

- *One grey Samsung T739 T-Mobile cell phone (serial number RppQ894238W);

- *One red Kyocera S1300 cell phone (serial number 268435456410400168);

- *One silver Apple iPod (serial number 9C016BL475J);

- One maroon Samsung T469 T-Mobile cell phone (serial number RP9SA40563J);

- One black Samsung T919 T-Mobile cell phone (serial number R8XS241220M);

- One handwritten letter and envelope; and

- Two VHS tapes.

Items Found In Second-Floor Rear Room

- Five cassettes;

- One microcassette;

- One CD;

- Two handwritten letters;

- One probation document;

8

- One card;

- Three handwritten letters;

- Three pieces of paper containing writing;

- Twenty-six VHS tapes; and

- One CD.

Please call me if you wish to arrange a mutually convenient time to inspect, copy, or photograph these items.

### E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with a summary of the expert's opinions, the bases and reasons for those opinions, and the witness's qualifications.

### F. Brady Materials

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

## II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on

at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

    Very truly yours,

    LORETTA E. LYNCH
    United States Attorney

By:    /s/
    Allon Lifshitz
    Assistant U.S. Attorney
    (718) 254-6164

cc:  Clerk of Court (JBW) (by ECF)