LJF:AL/CAC
F.#2010R00735

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -          10 CR 511 (JBW)

CHARLES NAGEL,

          Defendant.

- - - - - - - - - - - - - - -X

## THE GOVERNMENT'S REQUESTS TO CHARGE

                                   LORETTA E. LYNCH
                                   United States Attorney
                                   Eastern District of New York
                                   271 Cadman Plaza East
                                   Brooklyn, New York  11201

Allon Lifshitz
Celia A. Cohen
Assistant U.S. Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT

The government respectfully requests that the Court include the attached instructions in its charge to the jury and requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

The submitted requests address the essential elements of the crimes charged in the indictment and certain matters of evidence that the government believes may require instruction to the jury.

REQUEST NO. 1

General Requests

The government requests that the Court charge the jury in its usual manner on the following subjects:

(a) Function of the Court;

(b) Jury Communications with Lawyers and the Court;

(c) Equality of the Prosecution and the Defense Before the Court;

(d) Presumption of Innocence;

(e) Burden of Proof and Reasonable Doubt;

(f) Circumstantial Evidence and Direct Evidence;

(g) Function of Indictment and What is Not Evidence;

(h) Inferences Drawn from the Evidence;

(i) Objections;

(j) Credibility of Witnesses and Discrepancies in Testimony;

(k) Jury's Right to See Exhibits and Have Testimony Read During Deliberations; and

(l) Venue.

<u>REQUEST NO. 2</u>

<u>Knowing and Intentional Conduct - Generally</u>

During these instructions on the elements of the crimes charged, you will hear me use the words "knowingly and intentionally" from time to time.  As a general rule, the law holds persons accountable only for conduct they intentionally engage in.  Thus, in describing the various crimes charged to you, I will on occasion explain that, before you can find the defendant guilty, you must be satisfied that the defendant was acting knowingly and intentionally.

A person acts knowingly if he acts purposely and voluntarily and not because of a mistake, accident or other innocent reason.  A person acts intentionally if he acts willfully and with the specific intent to do something the law forbids.  The person need not be aware of the specific law or rule that his conduct may have violated.

In this regard, I instruct you that you may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done.  In other words, you may infer and find that a defendant intended all of the consequences that a person, standing in like circumstances and possessing like knowledge, should have expected to result from the acts he knowingly committed.

3

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that can rarely be proved directly.  A wise and careful consideration of all of the circumstances before you may, however, permit you to make a determination as to the defendant's state of mind.  Indeed, in your every day affairs, you are frequently called upon to determine a person's state of mind from his words and actions in given circumstances.  You are asked to do the same here.

> Authority:  Adapted from the charges of the Hon. Eric N. Vitaliano in United States v. Tamarez, 07 CR 85 (ENV), Hon. David G. Trager in United States v. Brens, 04 CR 515 (DGT) and United States v. Dent, 01 CR 1343 (DGT), and Sand, J. Siffert, W. Loughlin and S. Reiss, Modern Federal Jury Instructions ("Sand"), Instructions 3A-1 and 3A-4.

<u>REQUEST NO. 3</u>

<u>Interstate Stalking – Travel</u>
(Count One)

Count One of the indictment charges that the defendant did knowingly and intentionally travel in interstate commerce with the intent to harass another person.  Specifically, it reads as follows:

> On or about and between July 15, 2008 and March 24, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHARLES NAGEL, also known as "Chaz Rose," "Cindy Momberger," "Miranda S." and "Angela Paterson," did knowingly and intentionally travel in interstate commerce with the intent to harass another person, to wit: [Kathryn Erbe], . . . and in the course of, and as a result of, such travel did cause substantial emotional distress to [Kathryn Erbe].

The indictment charges the defendant with a violation of Section 2261A(1) of Title 18 of the United States Code.  That section provides in relevant part:

> Whoever travels in interstate or foreign commerce . . . with the intent to . . . harass . . . another person, and in the course of, or as a result of, such travel . . . causes substantial emotional distress to that person . . . [shall be guilty of a crime].

5

In order to prove the defendant guilty of interstate stalking by travel, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant traveled in interstate commerce as charged in the indictment;

Second, that the defendant so traveled with the intent to harass Erbe; and

Third, that in the course of or as a result of such travel, the defendant caused substantial emotional distress to Erbe.

Authority:  Adapted from Sand, Instructions 63-14 and 63-15.

<u>REQUEST NO. 4</u>

<u>Interstate Stalking – Travel: First Element</u>

The first element which the government must prove beyond a reasonable doubt is that the defendant traveled in interstate commerce as charged in the indictment.

Travel in interstate commerce simply means travel between two states.

<u>Authority</u>:  Adapted from Sand, Instruction 63-16.

7

<u>REQUEST NO. 5</u>

<u>Interstate Stalking – Travel: Second Element</u>

The second element which the government must prove beyond a reasonable doubt is that defendant traveled in interstate commerce with the intent to harass Kathryn Erbe.

Direct proof of a person's intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent.  Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

<u>Authority</u>:  Sand, Instruction 63-17.

REQUEST NO. 6

Interstate Stalking – Travel: Third Element

The third element which the government must prove beyond a reasonable doubt is that in the course of or as a result of the defendant's travel, Kathryn Erbe was caused substantial emotional distress.

To establish this element, the government must prove that as a result of the defendant's conduct during or after the travel in interstate commerce, Erbe experienced substantial emotional distress, and that an ordinary and reasonable person in Erbe's position would have experienced substantial emotional distress.

The term "substantial emotional distress" has its ordinary meaning.

> Authority:  Adapted from the charge of the
> Hon. Denise L. Cote, United States v.
> Jordan, 08 CR 124 (DLC) (S.D.N.Y.); Sand,
> Instruction 63-18.

9

REQUEST NO. 7

Interstate Stalking – Facility of Interstate Commerce
(Count Two)

Count Two of the indictment charges the defendant with use of the mails or interstate facilities to engage in stalking. Count Two of the indictment reads as follows:

> On or about and between July 15, 2008 and March 24, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHARLES NAGEL, also known as "Chaz Rose," "Cindy Momberger," "Miranda S." and "Angela Paterson," with the intent to harass and cause substantial emotional distress to a person in another State, to wit: [Kathryn Erbe], did knowingly and intentionally use the mail, an interactive computer service and a facility of interstate commerce to engage in a course of conduct that caused substantial emotional distress to [Kathryn Erbe].

The indictment charges the defendant with violating Section 2261A(2) of Title 18 of the United States Code.  That section provides in relevant part:

> Whoever with the intent to . . . harass . . . a person in another State . . . uses the mail . . . or any facility of interstate . . . commerce to engage in a course of conduct that causes substantial emotional distress to that person . . . [shall be guilty of a crime].

10

In order to prove the defendant guilty of the use of the mails or interstate facilities to engage in stalking, the government must prove each of the following elements beyond a reasonable doubt:

First, that at the time of the acts charged in the indictment, Kathryn Erbe and the defendant were in different states;

Second, that defendant used the mails or a facility of interstate commerce;

Third, that defendant engaged in a course of conduct with the intent to harass Erbe; and

Fourth, that as a result of that course of conduct, Erbe experienced substantial emotional distress.

> Authority:  Adapted from the charge of the Hon. Denise L. Cote, United States v. Jordan, 08 CR 124 (DLC) (S.D.N.Y.); Sand, Instructions 63-20 and 63-21.

<u>REQUEST NO. 8</u>

<u>Interstate Stalking – Facility of Interstate Commerce:</u>
<u>First Element</u>

The first element which the government must prove beyond a reasonable doubt is that at the time of the acts charged in the indictment, Kathryn Erbe and the defendant were in different states.

> <u>Authority</u>:  Adapted from the charge of the
> Hon. Denise L. Cote, <u>United States v.</u>
> <u>Jordan</u>, 08 CR 124 (DLC) (S.D.N.Y.); Sand,
> Instructions 63-22.

<u>REQUEST NO. 9</u>

<u>Interstate Stalking – Facility of Interstate Commerce:
Second Element</u>

The second element which the government must prove beyond a reasonable doubt is that defendant used the mails or a facility of interstate commerce, as charged in the indictment. The indictment alleges that the defendant used both the mails and a facility of interstate commerce.

The allegation that the defendant used the "mails" means that the communication described in the indictment was deposited in the mail for delivery by the United States Postal Service.

The reference to a "facility of interstate commerce" means that the communication was actually transported in a facility of interstate commerce.  Transmission of communications by means of the Internet constitutes transportation in a facility of interstate commerce regardless of whether the communication actually crossed a state line.  However, you must find beyond a reasonable doubt that the specific communication in question was actually transmitted by means of the Internet.

<u>Authority</u>:  Adapted from the charge of the
Hon. Denise L. Cote, <u>United States v.
Jordan</u>, 08 CR 124 (DLC) (S.D.N.Y.); Sand,
Instructions 63-23.

13

REQUEST NO. 10

Interstate Stalking – Facility of Interstate Commerce:
Third Element

The third element which the government must prove beyond a reasonable doubt is that defendant engaged in a course of conduct with the intent to harass Kathryn Erbe.

A "course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.  Thus, the government must establish that defendant engaged in two or more acts which demonstrated a continuity of purpose to harass Erbe.

As I noted earlier, direct proof of a person's intent is almost never available, and the ultimate fact of intent may be established by circumstantial evidence.

> Authority:  Adapted from the charge of the Hon. Denise L. Cote, United States v. Jordan, 08 CR 124 (DLC) (S.D.N.Y.); Sand, Instructions 63-24.

14

<u>REQUEST NO. 11</u>

<u>Interstate Stalking – Facility of Interstate Commerce:
Fourth Element</u>

The fourth element which the government must prove beyond a reasonable doubt is that as a result of the defendant's course of conduct, Kathryn Erbe experienced substantial emotional distress.

To establish this element, the government must prove that as a result of the defendant's conduct, Erbe experienced substantial emotional distress, and that an ordinary and reasonable person in Erbe's position would have experienced substantial emotional distress.

As I noted earlier, the term "substantial emotional distress" has its ordinary meaning.

> <u>Authority</u>:  Adapted from the charge of the Hon. Denise L. Cote, <u>United States v. Jordan</u>, 08 CR 124 (DLC) (S.D.N.Y.); Sand, Instructions 63-25.

15

<u>REQUEST NO. 12</u>

<u>Testimony of Government Agents</u>
(If Appropriate)

In this case you have heard testimony of federal agents.  The testimony of these witnesses should be evaluated in the same manner as the testimony of any other witness.  That witnesses are law enforcement officers or other government employees does not mean that you may accord their testimony any more or less credence than that of any other person.  You should evaluate the testimony of these witnesses in the same manner as you would the testimony of any other witness using all the tests of credibility I have discussed with you.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witnesses, and to give it whatever weight, if any, it deserves.

<u>Authority</u>:  Adapted from the charge of the
Hon. Allyne R. Ross, <u>United States v. Thom</u>,
99 CR 449 (S-1) (ARR).

16

REQUEST NO. 13

Testimony of Defendant
(If Applicable)

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Authority:  United States v. Brutus, Cr. No.
06-2710, 2007 WL 2828690, n.7 (2d Cir. Oct.
2, 2007), adapting charging language from
United States v. Gaines, 457 F.3d 238, 249
n.9 (2d Cir. 2006).

17

REQUEST NO. 14

Defendant's Right Not to Testify
(If Applicable)

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Authority:  Adapted from Sand, Instruction 5-21.

18

<u>REQUEST NO. 15</u>

Investigative Techniques
(If Applicable)

During the trial, you heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques.  You may consider these facts in deciding whether the government has met its burden of proof, because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty or not guilty of a particular charge.

However, you are also instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.  Your concern, as I have said, is to determine whether or not, on the evidence, the defendant's guilt has been proven beyond a reasonable doubt.

<u>Authority</u>:  Adapted from Sand, Instruction 4-4.

19

REQUEST NO. 16

Basing Verdict on Sympathy

Under your oath as jurors you are not to be swayed by sympathy for one side or the other.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you must find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy, or any other reason, to render a verdict of guilty.

Authority:  Adapted from Sand, Instruction 2-12.

REQUEST NO. 17

Punishment

The question of the defendant's possible punishment is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant if he is convicted to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Authority:  Adapted from Sand, Instruction 9-1.

REQUEST NO. 18

All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial.

> Authority:  Adapted from the charge of the Hon. Denis R. Hurley, United States v. Tiedeman, 99-CR-910 (DRH); E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, § 72.11 (3d ed. 1977).

<u>REQUEST NO. 19</u>

<u>Stipulations</u>

The attorneys for the United States and the attorney for the defendant have entered into stipulations concerning facts which are relevant to this case.

When the attorneys on both sides stipulate and agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence.

<u>Authority</u>:  Adapted from the charge of the Hon. Sterling Johnson in <u>United States v. Munoz-Mosquera</u>, 91 CR 1285 (SJ).

23

<u>REQUEST NO. 20</u>

<u>Persons Not on Trial or Not Indicted</u>
(If Applicable)

You may not draw any inference, favorable or unfavorable, towards the government or the defendant on trial, from the fact that certain persons were not named as defendants in the indictment.  The circumstances that these persons were not indicted must play no part in your deliberations.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

<u>Authority</u>:  Adapted from Sand, Instruction 3-4.

24

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  Finally, the government requests the opportunity to submit further instructions or amend those submitted, as may become appropriate during the course of the trial.

Dated:   Brooklyn, New York
         November 1, 2010

                              Respectfully submitted,
                              LORETTA E. LYNCH
                              United States Attorney


                    By:   _____/s/_____
                              Allon Lifshitz
                              Celia A. Cohen
                              Assistant U.S. Attorney
                              (718) 254-6164/6147

cc:  Robert F. Datner, Esq. (by ECF)