FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 09 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- against –<br><br>CHARLES NAGEL,<br><br>Defendant. | 10-CR-511<br><br>Statement of Reasons for Sentencing Pursuant to<br>18 U.S.C. § 3553(c)(2) |



JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. *Id.* at § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been eliminated and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).



1

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

On November 5, 2010, a jury found Charles Nagel guilty of violating 18 U.S.C. § 2261A(2). Pre-Sentence Investigation Report ("PSR") ¶¶ 1–2. The defendant's criminal history category at the time he was originally sentenced was II, and his offense level was 22, yielding a guidelines range of imprisonment for the violation of between forty-six and fifty-seven months. *See* United States Sentencing Commission, *Guidelines Manual*, Ch. 5 Pt. A (Nov. 2013); PSR ¶¶ 49, 59. The maximum term of imprisonment for the violation was five years. 18 U.S.C. § 2261(b). *See also* Statement of Reasons, 2, Sept. 9, 2011, ECF No. 69. Nagel was sentenced by this court on September 7, 2011 to five years of probation and to continued intensive psychological treatment. *Id.* A $100 special assessment was imposed, and Nagel was ordered to pay restitution of $42,838.38, payable at a rate of 5% of his net income. *Id.*; Report on Offender Supervision, August 24, 2014. As defendant had no assets, no fines were imposed. Statement of Reasons at 3.

At the time Nagel was found guilty in November 2010, he was on probation for a 1996 Pennsylvania state conviction. PSR ¶ 51, 54. As a result of his federal conviction, Nagel was arrested on September 13, 2011 by Pennsylvania probation officers, his probation was revoked, and he was sentenced to two to four years' incarceration. Motion to Revoke Probation, 2, Aug.

25, 2014, ECF No. 102. He was released on April 2, 2014, after serving 29 months. *Id.* Nagel began Philadelphia County Probation in connection with his state offense on March 31, 3014, and federal probation supervision resumed in the Eastern District of Pennsylvania on April 3, 2014.

On November 2, 2011, at the recommendation of United States Probation for the Eastern District of New York, this court issued a warrant for Nagel for violation of federal probation. The alleged violation stemmed from Nagel's conduct outside of the Eastern District of New York on September 7, 2011. After exiting the courthouse, Nagel allegedly menaced a photographer, in violation of N.Y. Penal Law § 120.15, a crime which would violate a condition of his probation.

Photographers and journalists play an important role in covering the events of the court. Any attack on a photographer within steps of the courthouse must be considered serious. Here, however, there is insufficient that the defendant intended to strike or menace the photographer in question. After Nagel exited the courthouse, he was flailing and disturbed, but that behavior is consistent with his psychiatric problems. *See* PSR ¶¶ 77–80. The defendant is therefore acquitted for the lack of adequate evidence of the charges.

With respect to Nagel's continued federal probation, respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a) (1).

Since his sentencing, Nagel has made himself available for meetings at home and in his community. He has sought mental health treatment and attended all required sessions. Nagel appears to be making progress, and no longer requires medications to treat his mental health conditions. He reported he is currently unemployed and recently filed for social security disability benefits based on his mental health condition.

Nagel's present activities are positive. Incarceration would put an end to them. He has already served considerable time being punished for his recalcitrance while on probation. There is no point in continued supervision by federal authorities, burdening both systems, given that the Pennsylvania Sex Offender Containment Model as put forth by the Pennsylvania Sexual Offenders Assessment Board is more severe and restrictive. In light of defendant's psychological state, it is best that he does not return for supervision in this court. It is appropriate for defendant to return to Pennsylvania promptly. Federal probation is terminated as an unnecessary burden on the federal courts.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: October 8, 2014
Brooklyn, New York